**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY D. POUGH, AKA Jerry Doran Pough, AKA Jerry Duron Pough, | No.    20-17313 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-00191-MMD-CLB |
| v. | |
| WILLIAM GITTERE; et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted March 16, 2022
Las Vegas, Nevada

Before:  KLEINFELD, D.M. FISHER,[**] and BENNETT, Circuit Judges.

Jerry Pough Sr. appeals from the dismissal of his petition for a writ of

habeas corpus by the U.S. District Court for the District of Nevada. We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

The District Court issued a certificate of appealability for two issues: whether Nevada violated Pough's constitutional rights by (1) allowing him to waive his right to counsel and represent himself, or (2) allowing him to dismiss counsel without appointing replacement counsel.

On the first issue, Pough argues that the Nevada Supreme Court's conflated the standard for competency to stand trial under *Dusky v. United States*, 362 U.S. 402 (1960) (per curiam), with the standard for a valid waiver of the right to counsel under *Faretta v. California*, 422 U.S. 806 (1975). In particular, he argues that, after he was deemed competent, the Justice Court and Nevada District Court "rubber-stamped" his request to represent himself without adequately inquiring into whether his waiver was knowing and voluntary, and for this reason the Nevada Supreme Court erred in holding there was no constitutional violation. Under the Antiterrorism and Effective Death Penalty Act, we are not to issue a writ of habeas corpus unless the Nevada Supreme Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Pough cannot overcome this exacting standard. The Justice Court and Nevada District Court covered much of the same ground: whether Pough understood that he would need to follow court rules and procedures, that the court would not aid him in his defense, that the State's attorneys would have an

advantage over him due to their superior training and expertise, and more. In short, the canvasses conducted by the Nevada Justice Court and District Court were thorough and ensured Pough was waiving his right to counsel "with [his] eyes open" to the risks of self-representation at trial. *Iowa v. Tovar*, 541 U.S. 77, 88 (2004) (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)). Moreover, the Nevada Supreme Court applied the correct standard that a waiver of the right to counsel is constitutional so long as it is knowing and voluntary. To be sure, its decision cites Nevada caselaw,[1] which in turn cites to the controlling Supreme Court precedent, *Faretta*, 422 U.S. at 835-36. But the U.S. Supreme Court has held that this approach is not problematic—indeed, "a state court need not cite or even be aware of our cases under [AEDPA]." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The Nevada Supreme Court decision was not contrary to federal law as determined by the Supreme Court of the United States.

Pough further argues that the Nevada Supreme Court's decision concerning the validity of his waiver of counsel was based on unreasonable factual determinations. *See* 28 U.S.C. § 2254(d)(2). Specifically, Pough argues the Nevada trial court erred because it had incomplete information about his history of schizophrenia and the Nevada Supreme Court unreasonably deferred to the trial court.

---

[1] *Tanksley v. State*, 946 P.2d 148, 150 (Nev. 1997).

3

Although Pough's competency was in question during pre-trial proceedings, he was deemed competent to stand trial immediately before each of his *Faretta* canvasses. Once Pough was deemed competent, the Constitution permits him to represent himself so long as his waiver was knowing and voluntary and he was informed of the dangers of self-representation at trial. *Tovar*, 541 U.S. at 88-89; *Godinez v. Moran*, 509 U.S. 389, 400-01 (1993). As discussed above, this standard was met here. The Nevada Supreme Court reviewed the entire record, including Pough's history of schizophrenia, and determined that "[n]othing in the record suggests that Pough's mental illness kept him from understanding the risks of self-representation or otherwise making a knowing, voluntary, and intelligent decision." The Nevada Supreme Court decision was thus not based on unreasonable factual determinations.

On the second issue, Pough argues that the Supreme Court's holding in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), instructs that substitute counsel should have been appointed based on his conflict with appointed counsel over trial strategy. Pough's case, however, is readily distinguishable from *McCoy*. There, a trial court allowed defense counsel, over the defendant's objection, to tell the jury that the defendant committed three murders in the hope that the jury would spare the defendant the death penalty. *McCoy*, 138 S. Ct. at 1505. Here, Pough invoked his constitutional right to self-representation and conducted his own defense at

4

trial, where he maintained his innocence. Pough's counsel therefore did not interfere with his right to maintain his innocence at trial in violation of his Sixth Amendment rights.

**AFFIRMED.**